UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Arthur Gerard, | ) | C/A: 4:12-2516-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Robert E. Lee, Esq.; | ) | |
| Pamela J Jordan, Notary Public; | ) | |
| Cynthia Graham Howe, Master In Equity Judge; | ) | |
| Melanie Huggins-Ward; | ) | |
| Rosalyn W. Frierson, Director; | ) | |
| Roddy Dickinson, County Treasurer; | ) | |
| Glen Barger, President OCPPOA; | ) | |
| Chuck Woodard, Vice President; | ) | |
| Walter Reynolds, Secretary; | ) | |
| Pressly White, Director At Large; | ) | |
| Dick Bennion, Treasurer; | ) | |
| Bill Schnuit, Director At Large; | ) | |
| Patricia Palardy; | ) | |
| David Love; | ) | |
| Dennis P Palardy, Principal; | ) | |
| Beverly Palardy, Principal; | ) | |
| Charles R Palardy, Principal; | ) | |
| Steve Bishop, Account Manager; | ) | |
| KA Diehl & Assoc, Inc; | ) | |
| Alan Wilson, South Carolina Attorney General; | ) | |
| Phillip E Thompson, Sheriff; | ) | |
| Arrigo Carotti, Horry County Attorney; | ) | |
| Ballery V Skipper, Director, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, filed this lawsuit against the above-named twenty-three Defendants, having paid the full filing fee. He seeks injunctive and monetary relief. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review this Complaint and submit findings and recommendations to the district judge.

For the reasons that follow, the undersigned recommends that the district judge dismiss this action without prejudice and without issuance and service of process.

## *Pro Se* Review – Filing Fee Paid

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings herein. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Plaintiff's complaint is subject to review pursuant to the inherent authority of this Court. *E.g., Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) (mentioning in *dicta* that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, § 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The court "is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990) (quoting *Beaudett*, 775 F.2d at 1277).

## Background

On August 31, 2012, Plaintiff filed, *pro se*, a number of documents (*see generally* ECF No. 1), naming twenty-three defendants. In each, Plaintiff referred to himself as "Arthur Gerard as the united states." In a document entitled, "Motion to Show Cause Re: Patent Infringement," Plaintiff describes each Defendant as "a Corporate Franchise of the United States Incorporated." He purports to establish jurisdiction in this Court upon 28 U.S.C. § 1330, for actions against a foreign

state,[1] and 28 U.S.C. § 1338, which applies to actions regarding patents and other intellectual property.[2] Plaintiff claimed:

> By Private Acts and Acts of Commerce, the United States of America has maintained criminal Action to fraudulently occupy aforementioned lands, suffering Patent Infringement as per Public Law, whereby the creator has been subverted, where a Franchise has been created under Private Acts (Executive Order) and Acts of Commerce (various Patent and Copyright Acts, contrary to Public Acts), want of Creation.

(ECF No. 1, at 5.)

In a second document, entitled "Motion to Show Cause Re: Plundering and Privateering," Plaintiff refers to each Defendant as a "foreign state . . . a Franchise of the United States Incorporated within the vessel." (ECF No. 1-1, at 3.) In this "Motion," Plaintiff claims jurisdiction under 18 U.S.C. § 81, which is a criminal statute addressing arson within special maritime and territorial jurisdiction.[3] He also refers to a second criminal statute, 18 U.S.C. § 1659, which addresses a maritime attack on a vessel with the intent to plunder. Plaintiff states only,

> This court, maintains jurisdiction as per 18 USC 18 Piracy and Privateering, as the foreign vessel, foreign state, known as YORK COUNTY, *et al.*, as Incorporated is currently in the action of attempt to plunder, and despoil by way of document, and Color of Law, maintained within Private Acts, and Acts of Commerce.

(ECF No. 1, at 3.)

---

[1] Plaintiff has named no "foreign state" as a defendant herein. *See* 28 U.S.C. § 1603 (defining "foreign state").

[2] Plaintiff has identified no patent or other intellectual property in his filings.

[3] "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

Plaintiff's third document, entitled "Writ of Recaption,"[4] appears to be little more than several legal phrases strung together:

> Comes now, Arthur Gerard as the united states, in rem, *et al.*, libertas, upon writ of scire facias ad dispordandum [sic] debitum[5] "that you cause to know to disprove the debt" whereby want of cause, having found no evidence of wet ink contract, as evidenced herein.
>
> Arthur Gerard, as the united states, in rem, *et al.* libertas, having since maintained Equitable Estoppel lawfully and upon Right of Absolute, whereby replevin by detinet is replaced by replevin by cepit as no authority in law exists, want of cause, wherefrom writ of recaption is maintained lawfully with extreme prejudice against (defendant) within conflict of Authority or Color of.

(ECF No. 1-2, at 3 (footnotes added).)

At the end of each document, Plaintiff's request for relief includes the same four phrases:

> 1) Defendant(s) are to be stopped, Prevented, and Prohibited from any further in jurious [sic] Claim or Interest without Cause; and,
>
> 2) Ancillary attachment, is to be maintained by United States District court, until all pending claims are resolved.
>
> 3) Arthur Gerard, Jr is to be made whole, and without fetter from threat of restraint, duress, Criminal Coercion, extortionate claim, injury or harm; and

---

[4] "A writ allowing a plaintiff to recover goods and damages from a defendant who makes a second *distress* while a *replevin* action for a previous distress is pending." *Black's Law Dictionary* 1642 (8th ed. 2004) [hereinafter *Black's*] (emphases added).
  "Replevin" is either (i) "[a]n action for the repossession of personal property wrongfully taken or detained by the defendant, whereby the plaintiff gives security for and holds the property until the court decides who owns it" (also termed claim and delivery), or (ii) a "writ obtained from a court authorizing the retaking of personal property wrongfully taken or detained." *Id.* at 1325.
  A "distress" is (i) "[t]he seizure of another's property to secure the performance of a duty"; (ii) "[t]he legal remedy authorizing such a seizure"; or (iii) "the procedure by which the seizure is carried out." *Id.* at 508.

[5] *Scire facias ad disprobandum debitum* is a "writ allowing a defendant in a foreign attachment against the plaintiff to disprove or avoid the debt recovered by the plaintiff, within a year and a day from the time of payment." *Black's*, at 1374.

4) Reclamation of all illegally collected fees ($81,857.00), all securities associated with this matter executed by the alleged plaintiff, et al. (in excess of $10,000,000.00), and all indirect costs (in excess of $25,000,000.00), totaling $35,081,857.00.

(ECF No. 1, at 6; ECF No. 1-1, at 4–5; ECF No. 1-2, at 4.)

In the hope that Plaintiff might, on a second attempt, set forth a cognizable claim, the undersigned entered an order directing Plaintiff to "[c]omplete, sign, and return the enclosed complaint form. Briefly state the facts of your claim against the above Defendants in the 'statement of claims' section, and what relief you request." (ECF No. 9, at 2.) *Cf. In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (noting a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."). On September 27, 2012, Plaintiff submitted three additional documents to the court for filing, none of which were the Court's complaint form. One of these documents, again entitled, "Writ of Recaption," states, in toto:

> COMES NOW, Arthur Gerard as the united states, in rem, *et al.*, libertas, upon writ of scire facias ad dispordandum debitum "that you cause to know to disprove the debt" whereby want of cause, having found no evidence of wet ink contract, as evidenced herein, and having since maintained Equitable Estoppel lawfully and upon Right of Absolute, whereby replevin by detinet is replaced by replevin by cepit as no authority in law exists, want of cause, wherefrom writ of recaption is maintained lawfully with extreme prejudice against (defendant) within conflict of Authority or Color of.

(ECF No. 12, at 4.) There is no request for relief.

A second document is mostly a restatement of Plaintiff's Motion to Show Cause Re: Plundering and Privateering (ECF No. 1-1), except that, in his request for relief, Plaintiff asks that *he* be "stopped, Prevented, and Prohibited"; asks that "Arthur Gerard" (no "Jr.") be made whole; and increases the value of the "securities" by $825,000 to $10,825,000. (ECF No. 13, at 5.)

6

The third document filed in response to the proper form order is again entitled, "Motion to Show Cause Re: Patent Infringement."[6] (ECF No. 14.) Again, Plaintiff submits an identical document, with the same revisions to his relief request as he made in the "Plundering and Privateering" motion. However, this "Motion" has additional verbiage, as follows:

Claim of Relife
<u>Arthur Gerard, Jr. – Judicial Notice-to the COURT</u>

The Action before this Court is to resolve a service Charge as a lien against a united state's Ship/Vessel [(but as the court **I am** sure is aware that per **46 USC 313-42**[7] a united state' public Vessel cannot have a lien placed upon it)] and the United States Incorporated Ship Master is under requirement to volunteer to assume the charge. As the united state's Ship/vessel, United States Incorporated Ship Master and United States Incorporated Headquarters are insured by a **Guarantor**<u>carrier</u>, per a Ship Servicing Contract that was issued under the following PENNSYLVANIA Commercial corporation document known as the #0405840-1934, The **GUARANTOR** of that U.S. Ship Commercial Servicing Contract is therefore the one who is required to payout the required funds to obliterate the charge.

As **I am, the United States, the Preferred Maritime Lien** holder of record, **I am** also the superior **PreferredMortgagee** over the United States Incorporated Ship/Vessel involved in the addressed charge. Therefore **I am** giving my Consent to have the Funds dispensed by the **Guarantor** to facilitate discharge.

---

[6]  This document also fails to reference a patent or other intellectual property.

[7]  Establishing maritime liens.
    (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
        (1) has a maritime lien on the vessel;
        (2) may bring a civil action in rem to enforce the lien; and
        (3) is not required to allege or prove in the action that credit was given to the vessel.
    (b) This section does not apply to a public vessel.

46 U.S.C. § 31342.

> **Per 46 USC 313-322[8]**
> **The Guarantor Robert E. Lee is now CALLED UPON as the representative for the contract Issuer/Warrantor to honor their Warranting of the Commercial Servicing Contract, as the <u>carrier</u> of protective bonded insurance, they are now compelled to pay the funds to discharge.**
>
> **Per 46 USC 307-07[9] and 313-25[10]**
> **UCC § 8-108, 201, 306.**
> **<u>Informant / Injured Party</u>**
> #1 When the Ship Master has been **Called Upon** the **Guarantor** to fulfill the United States' Ship Commercial Servicing Contract, then any Court action now requires the **Guarantor** to Indemnify the United States Incorporated Ship Owner, Headquarters, and Ship Master for all of their expenses and the **Guarantor** funds paid to discharge as a profit of harm.
> <u>Action for Deprivation 18 USC 13 242, Terminating and recalling all securities 28 USC 3002, 28 USC 3304</u>[11]

(ECF No. 14, at 6–7 (only footnotes added).) After adding a few quotes from the United States Constitution (*id.* at 7–8 (quoting Articles I and IV)), Plaintiff restates his original request for relief, as altered. Additionally, in each of these three documents, Plaintiff attempts to add as a defendant, the "Honorable Ban-Ki Moon, United States Secretariat, Sec. General." (*E.g.*, ECF No. 14, at 3.)

<u>Discussion</u>

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking*, 147 F.3d at 352. Because federal courts have limited subject matter jurisdiction,

---

[8] 46 U.S.C. § 31322 defines "preferred mortgage." There is no 46 U.S.C. § 313322.

[9] 46 U.S.C. § 30707 establishes a criminal penalty for "water carriers."

[10] 46 U.S.C. § 31325 discusses preferred mortgage liens and their enforcement.

[11] There is no 18 U.S.C. § 13242; 28 U.S.C. § 3002 contains definitions regarding federal debt collection procedures; and 28 U.S.C. § 3304 explains when a transfer is fraudulent as to a debt to the United States.

there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required sua sponte to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 James Wm. Moore et al., *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Subject matter jurisdiction focuses on the power of the court to hear a claim. *See El-Hadad v. United States*, 377 F. Supp. 2d 42, 46 (D.D.C. 2005). In this case, the court does not have the power to hear Plaintiff's claims or to grant the relief he requests. Plaintiff's legal causes of action are, at best, unclear, but his factual allegations are not believable. The "United States" is only a confederation of States, not an individual such as Plaintiff. *See* Articles of Confederation, 1775; *see*

9

*also* 28 U.S.C. § 1603(c) ("The 'United States' includes all territory and waters, continental or insular, subject to the jurisdiction of the United States."). Because the Complaint fails to set forth plausible factual allegations, this Court is unable to exercise subject matter jurisdiction over this action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (finding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). When a plaintiff's "factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable,'" the action is deemed frivolous. *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (citations omitted).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner,* 404 U.S. 519 (1972).[12] Plaintiff's attention is directed to the important notice on the next page.

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

November 15, 2012
Florence, South Carolina

---

[12]Dismissal is also appropriate pursuant to Rule 41(b), Fed.R.Civ.P., for Plaintiff's failure to comply with this Court's Order dated September 10, 2012, directing Plaintiff to complete the complaint form provided to him.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).