IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Arthur Gerard, | ) | Civil Action No.: 4:12-cv-02516-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Robert E. Lee, Esq.; Pamela J Jordan, Notary Public; Cynthia Graham Howe, Master In Equity Judge; Melanie Huggins-Ward; Rosalyn W. Frierson, Director; Roddy Dickinson, County Treasurer; Glen Barger, President OCPPOA; Chuck Woodard, Vice President; Walter Reynolds, Secretary; Pressly White, Director At Large; Dick Bennion, Treasurer; Bill Schnuit, Director At Large; Patricia Palardy; David Love; Dennis P Palardy, Principal; Beverly Palardy, Principal; Charles R Palardy, Principal; Steve Bishop, Account Manager; KA Diehl & Assoc, Inc; Alan Wilson, South Carolina Attorney General; Phillip E Thompson, Sheriff; Arrigo Carotti, Horry County Attorney; Ballery V Skipper, Director, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed this action seeking injunctive and monetary relief against numerous Defendants.

This matter is before the Court after the issuance of the Report and Recommendation

("R&R") of United States Magistrate Judge Thomas E. Rogers, III[1] [R&R, Doc. # 21.] In the R&R, the magistrate recommends that the Court dismiss this action without prejudice and without service of process.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the magistrate's R&R to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Objections to this case were due by December 3, 2012. Plaintiff, who is not a prisoner and thus not afforded additional response time pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), sent a fax to the Clerk of Court's office on December 4, 2012. [*See* Fax, Doc. # 23.] Plaintiff claims he did not receive the magistrate's R&R until that very day, and that he would thus be filing objections by December 17, 2012. On December 17, 2012, Plaintiff filed a document styled as a "Motion to Show Cause Re: Vexatious Litigation." [*See* Mot. to Show Cause, Doc. # 26.]

The R&R in this case was filed and mailed to Plaintiff on November 15, 2012. Plaintiff was specifically advised that objections were to be "filed within fourteen (14) days of the date of service of this Report and Recommendation." [R&R, Doc. # 21.] The "date of service" is the date the Report and Recommendation *was mailed* to Plaintiff. *See* Fed. R. Civ. P. 5(b)(2)(C). Therefore, when adding in the three additional days afforded when service is by mail, Plaintiff's objections were due December 3, 2012. *See* Fed. R. Civ. P. 6(d). Thus, under the applicable Rules, Plaintiff failed to file timely objections, and to the extent his fax can be read as a request for an extension, it too was untimely.

To the extent the Court considers the fax, Plaintiff offers no evidence that he did not receive the R&R until December 4. Further, the fax it is devoid of any information attacking the R&R. [*See* Fax, Doc. # 23.] Although Plaintiff claimed he would send objections by December 17, 2012, clearly he had time to craft some response to the R&R before that date.

Nonetheless, out of an abundance of caution, the court has examined the December 17, 2012, filing. In this self-styled Motion to Show Cause, Plaintiff disjointedly outlines various viewpoints on issues related to the U.S. Constitution. [*See* Mot. to Show Cause, Doc. # 26.] Accordingly, even if the Court were to excuse the untimely submission and conduct a *de novo* review of the R&R, Plaintiff fails to take issue with any finding in the R&R. [*Id.*]

In light of Plaintiff's untimely submission, and his failure to assert any specific objections to the R&R, this Court is not required to respond to his statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). The issues in this case were correctly addressed by the magistrate and this Court will not address the issues a second time.

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Plaintiff's submissions and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED**, *without prejudice* and without issuance and service of process.

**IT IS FURTHER ORDERED** that all outstanding motions are **DENIED** as moot.

**IT IS SO ORDERED**.

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
December 28, 2012